IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**XAVIER SHERROD TODD**                                                              **PETITIONER**
Reg #16647-076

VS.                    CASE NO.: 2:16-CV-150-DPM-BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                               **RESPONDENT**

## RECOMMENDED DISPOSITION

I.  **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge D. P. Marshall Jr. Mr. Todd may file written objections with the Clerk of Court within fourteen (14) days of filing of this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

II. **Introduction**

Xavier Sherrod Todd filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. (Docket entry #1) The Court noted several problems with Mr. Todd's filing. (#2) First, Mr. Todd had not paid the filing fee or moved for leave to proceed *in forma*

*pauperis*. Second, it appeared that Mr. Todd was challenging several Tennessee state convictions. Generally, a petitioner must file a challenge to a state conviction under 28 U.S.C. § 2254. Mr. Todd filed this action under 28 U.S.C. § 2241. Third, Mr. Todd's petition was indecipherable and failed to state a basis for relief under § 2241. Finally, it appeared that Mr. Todd was challenging convictions that he had already challenged many times through federal petitions for writ of habeas corpus. Due to these deficiencies, the Court ordered Mr. Todd to address the filing fee and to file an amended petition that remedied the deficiencies outlined by the Court. (#2)

Mr. Todd has now paid the filing fee and filed an amended petition. (#3 and #6) For reasons explained in this Recommendation, however, the Court will recommend that Judge Marshall DENY and DISMISS this petition, without prejudice.

## III. Background

Despite filing a fairly extensive amended petition, this Court still cannot determine, with any certainty, the factual and legal bases for Mr. Todd's action.[1] He is in federal custody under a federal sentence, but does not appear to challenge his federal conviction. Mr. Todd mentions the term "nunc pro tunc," but does not ask the Court to review any Bureau of Prisons determination regarding the commencement of his federal sentence, calculation of custody credit, accrual or loss of good conduct credit, or any

---

[1] Although unclear, it appears Mr. Todd may be challenging federal sentencing enhancements based on state convictions he claims are void. (#6, p. 2)

decision regarding concurrent or consecutive state and federal sentences. Mr. Todd clearly claims that a number of prior Tennessee state convictions are void. But even with this claim, his explanation and argument are unclear. It is clear, however, that this Court cannot grant the relief Mr. Todd requests based on his current filings.

**IV.** **Discussion**

Insofar as Mr. Todd challenges his federal conviction, or any enhancement to his federal sentence, this Court lacks jurisdiction to hear such a challenge. A challenge to the validity of the sentence itself must be brought under 28 U.S.C. § 2255 in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (citing *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995)); accord *Alevras v. Snyder*, No. 99-2467, 1999 WL 1059831 (8th Cir. Nov.16, 1999).

If Mr. Todd is challenging his Tennessee state convictions, this Court lacks jurisdiction to address this challenge as well. Although the current petition is unclear, it appears that Mr. Todd previously raised every issue raised here in a number of previously filed federal petitions. See *Todd v. Craven*, Case No. 1:01CV01115-JDT (W.D.Tenn. dismissed March 29, 2002); *Todd v. United States*, Case No. 2:03CV02449-BBD-dkv (W.D.Tenn. dismissed June 27, 2003); *Todd v. Pearson*, Case No. 2:05CV02537-JPM-tmp (W.D.Tenn. dismissed Oct. 31, 2006); *Todd v. Beatty*, Case No. 2:07CV02292-JPM-tmp (W.D.Tenn. Dismissed Sept. 30, 2010); *Todd v. Tennessee*, Case No. 2:15CV02312-STA-DKA (W.D.Tenn. filed May 11, 2015).

A petition filed after previously filed petitions is considered a successive petition. Before a prisoner can file a second or successive habeas corpus petition in a federal district court, the petitioner must seek and receive an order from the appropriate court of appeals authorizing the district court to consider the new petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even where the petitioner claims innocence. 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). Without an order from the court of appeals authorizing a second or successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[2]

This Court cautioned Mr. Todd that if he wished to pursue claims raised in this action, he would have to show cause why the Court should not recommend dismissal for lack of jurisdiction. Mr. Todd has not set forth a basis for this Court's jurisdiction over the claims he raises in this case, and the Court finds none.

## V.     Conclusion

The Court recommends that Judge Marshall DISMISS Xavier Sherrod Todd's Petition for Writ of Habeas Corpus (#1), without prejudice.

DATED this 14th day of December, 2016.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).